# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| WITCHEY ENTERPRISES, INC. | : | 5-19-00645-HWV |
| | : | |
| DEBTOR(S) | : | CHAPTER 11 |

| | |
|---|---|
| WITCHEY ENTERPRISES, INC. | : |
| MOVANT, | : |
| COLONIAL FUNDING NETWORK, INC., PEARL CAPITAL RIVIS VENTURES, FIRST GOLD BUYERS, INC., CT CORPORATION SYSTEMS, DLI ASSETS BRAVO, LLC, COMPLETE BUSINESS SOLUTIONS GROUP, YES FUNDING SERVICES, LLC, MR. ADVANCE, LLC, 24 CAPITAL, LLC, ROUTE BROKERS, INC., EASTERN FUNDING, LLC, CORPORATION SERVICES, PENNSYLVANIA DEPARTMENT OF REVENUE AND INTERNAL REVENUE SERVICE, | : |
| RESPONDENTS. | : |

**ORDER GRANTING DEBTOR'S AMENDED MOTION FOR APPROVAL OF SALE OF PROPERTY OF THE BANKRUPTCY ESTATE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS**

**AND NOW**, upon consideration of the Debtor's Amended Motion for Approval of Sale of Property of the Estate Free and Clear of Liens, Claims and Encumbrances, filed pursuant to pursuant to 11 U.S.C. 363(b)("Motion"), and after notice to creditors, and after a hearing, and good cause having been shown, it is hereby;

**ORDERED,** that the Debtor's Amended Motion for Approval of Sale of Property of the Estate Free and Clear of Liens, Claims and Encumbrances, filed pursuant to pursuant to 11 U.S.C. 363(b)is hereby granted; and it is further,

**ORDERED,** that the Court finds that it is a reasonable exercise of the Debtor's business judgment to sell the assets as described in the Asset Purchase Agreement between Superior Transport Solutions, Inc. (the "Buyer") and the Debtor dated March 28, 2021 (the "Purchase Agreement"), and therefore, in the best interest of the Debtor's creditors and the Debtor has demonstrated good, sufficient, and sound business purposes and justification for the sale as described in the Purchase Agreement; and it is further,

**ORDERED,** that the Chapter 11 Trustee is authorized to execute all documents necessary to effectuate said sale, including but not limited to, bill(s) of sale and assignment(s); and it is further,

**ORDERED,** that the Debtor's current liability insurance policies with Protective Insurance Company are "Excluded Assets" pursuant to Section 2 of the Purchase Agreement, and therefore, the sale of assets pursuant to the Purchase Agreement and this Order shall not include any of the Debtor's insurance policies with Protective Insurance Company; and it is further,

**ORDERED**, that the Buyer is to pay the total purchase price of $150,000.00 within five (5) business days of entry of this Order, which shall be payable in immediately available funds and delivered to the Chapter 11 Trustee; and it is further,

**ORDERED**, that the Chapter 11 Trustee shall hold the $150,000.00 sale proceeds with liens and encumbrances attaching to said proceeds in the order of their priority pending further order of Court; and it is further,

**ORDERED**, that the Court finds that the Buyer is a purchaser in good faith, as that term is used in the Bankruptcy Code, and is entitled to the protections of 11 U.S.C. § 363(m); and it is further,

**ORDERED,** that the Court finds that pursuant to Bankruptcy Rule 6004(h), that there is no just cause for delay in the implementation of this Order and, notwithstanding any provision of the Bankruptcy Code or the Bankruptcy Rules to the contrary, this Order shall be a final order, effective and enforceable immediately upon entry, and any stay thereof, including without limitation, Bankruptcy Rule 6004(h), shall not apply.

By the Court,

_____
Henry W. Van Eck, Chief Bankruptcy Judge
Dated: April 1, 2022